**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HEIDI MCFARLAND** | **CIVIL ACTION NO.:** |
| **VERSUS** | |
| | **JUDGE** |
| **NATIONAL INTERSTATE INSURANCE COMPANY, WEST TN EXPEDITING, INC. and ANTONIO REID a/k/a MART ANTONIO TAPP a/k/a MART ANTONIO REID** | **MAG. JUDGE** |

## PETITION FOR REMOVAL

The petition of **National Interstate Insurance Company** ("Petitioner") for removal of the above captioned matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana respectfully represents the following:

1.

Petitioner is a defendant in a civil action brought against it in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *Heidi McFarland v. National Interstate Insurance Company, West TN Expediting, Inc. and Antonio Reid a/k/a Mart Antonio Tapp a/k/a Mart Antonio Reid Company*, No. C-707117, Div. 21. Copies of the citation and petition served on Petitioner in that action are attached hereto as Exhibit "1" and constitute all process, citations, and pleadings served upon the removing Petitioner in said action. The lawsuit arises from an alleged motor vehicle accident which occurred on or about June 19, 2020 on Highway I-12 in Baton Rouge, Louisiana. *See* Exhibit 1 at ¶ 2.

2.

The aforesaid action was commenced by Heidi McFarland filing suit in state court against Petitioner on April 27, 2021. Service of process of the Petition on Petitioner was obtained on April 30, 2021, through the Louisiana Secretary of State. Service was requested on West TN Expediting, Inc. and Antonio Reid a/k/a Mart Antonio Tapp a/k/a Mart Antonio Reid through long arm service but as yet has not been obtained on either of said defendants. Removal is timely under 28 U.S.C. 1446(b)(2)(C).

3.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in all civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2).

4.

The controversy between state court Plaintiff and Petitioner is a controversy between citizens of diverse states. At the time service of process was obtained on Petitioner, the citizenship of the parties was as follows:

a) Heidi McFarland was a citizen, resident, and domiciliary of the State of Louisiana;

b) National Interstate Insurance Company was a corporation incorporated in the State of Ohio with its principal place of business in Ohio;

c) West TN Expediting, Inc. was a corporation incorporated in the State of Tennessee with its principal place of business in the state of Tennessee; and

d) Antonio Reid a/k/a Mart Antonio Tapp a/k/a Mart Antonio Reid was a citizen, resident, and domiciliary of the State of Tennessee.

5.

State court Plaintiff's suit is a civil action brought in a state court of which this court has original jurisdiction because of diversity of citizenship under 28 U.S.C. 1332 and no defendant is a citizen of the State of Louisiana.

6.

Pursuant to 28 U.S.C. 1446(b)(2)(A), as of the time of the removal Petitioner is the only defendant in the state court who has been properly joined and served. If and when West TN Expediting, Inc. and Antonio Reid a/k/a Mart Antonio Tapp a/k/a Mart Antonio Reid are properly joined and served it is anticipated that they will be represented by undersigned counsel and will join in and consent to the removal of the litigation from its original state forum to the instant federal forum.

7.

Upon information and belief, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant ordinarily has 30 days from receipt of the initial pleading to file a notice of removal. However, if "the case stated by the initial

pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8.

Here, it is not apparent from the face of Plaintiff's petition that the amount in controversy for Plaintiff Heidi McFarland's claim exceeds $75,000.00, exclusive of interest and costs. The allegations in the Petition allege past, present and future damages for injuries as follows: physical and mental pain, suffering and anguish, physical disability and/or impairment of functions and activities, loss of income and/or loss of earning capacity, loss of enjoyment of life, and property damage. *See* Exhibit 1 at ¶ 6. The Petition further alleges that Plaintiff has incurred and will incur in the future expenses including medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses. *Id*. at ¶ 7.

9.

Further, based on "other papers," namely Plaintiff's medical records and medical billing provided informally by Plaintiff counsel via e-mail correspondence on May 3, 2021 to undersigned counsel (*see* Exhibit "2" attached hereto), the amount in controversy appears to exceed $75,000.00, exclusive of interest and costs. Notably, there are additional medical records and medical billing that is referenced in the medical records received to date, but Plaintiff counsel does not yet have copies to provide to undersigned counsel. *See* medical records and billing provided by Plaintiff counsel, collectively attached hereto as Exhibit "3." Plaintiff's treatment records provided to Petitioner to date indicate continued treatment starting a few days after the accident at issue on June 19, 2020 through at least April 2021, and are ongoing. *See*

4

Exhibit 3. Based on positive cervical MRI findings, Plaintiff's treating physicians recommended cervical epidural steroid injections along with other treatment. *See id.* The medical billing based solely on the records received to date from Plaintiff counsel informally is $4,501.00 and the estimated cost for one epidural steroid injection is $6,230.00. *See id*.

10.

Plaintiff has not stipulated that she affirmatively renounces the right to accept a judgment in excess of $75,000.00, exclusive of interest and costs, as would be required pursuant to *Davis v. State Farm Fire & Casualty, et al.*, no. 06-0560, 2006 WL 1581272 (E.D. La June 7, 2006); and *Kaplan v. Prime Demolition & Disposal, LLC et al*., No. 08-4714, 2008 WL 5264024 (E.D. La. Dec. 18, 2008).

11.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a), and is one which may be removed to this Court by Petitioner.

12.

In accordance with 28 U.S.C. §1446(d), Petitioner will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

WHEREFORE, Petitioner prays that this matter be allowed to proceed in this Court as an action properly removed hereto.

Respectfully submitted,

*/s Erika M. Cunningham*
GUY D. PERRIER, #20323
gperrier@perrierlacoste.com
ERIKA M. CUNNINGHAM, #31890
ecunningham@perrierlacoste.com
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, LA  70130
Telephone:    (504) 212-8820
Facsimile:      (504) 212-8825
Counsel for Petitioner, National Interstate Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2021, I have electronically filed the foregoing with the Clerk of Court by suing the CM/ECF system and have delivered a copy of the foregoing to all counsel of record, either through the CM/ECF system, e-mail, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission.

*/s Erika M. Cunningham*
ERIKA M. CUNNINGHAM