UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HEIDI MCFARLAND                                            CIVIL ACTION NO.

VERSUS

                                                              21-314-JWD-EWD

NATIONAL INTERSTATE
INSURANCE COMPANY, ET AL.

**<u>NOTICE AND ORDER</u>**

      This is a civil action involving claims for damages by Heidi McFarland ("Plaintiff") based upon the injuries she allegedly sustained on June 19, 2020 while travelling on Interstate 12 in Baton Rouge, Louisiana (the "Accident"). Plaintiff's vehicle was allegedly struck by the vehicle driven by Defendant Antonio Reid[1] ("Reid"), who was operating his vehicle while in the course and scope of his employment with Defendant West TN Expediting, Inc. ("West"), and was insured by Defendant National Interstate Insurance Company ("NIIC'") (collectively, "Defendants").[2] On April 27, 2021, Plaintiff filed her Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3] Plaintiff claims that she suffered personal injuries as a result of the Accident, caused by the negligence of Reid, for which West is vicariously liable.[4] On May 28, 2021, NIIC removed the matter to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

      Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination

---

[1] Per the Petition, Reid has several aliases, *i.e.*, "Mart Antonio Tapp" and "Mart Antonio Reid." R. Doc. 1-4, ¶ 1.
[2] R. Doc. 1-4, ¶¶ 2-3, 8-9.
[3] R. Doc. 1-4.
[4] R. Doc. 1-4, ¶¶ 4-7.
[5] R. Doc. 1, ¶¶ 5, 11. NIIC avers that Reid and West have not yet been served, but it is anticipated that they will be represented by the same counsel and join in and consent to removal. R. Doc. 1, ¶¶ 2, 6.

required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiff is domiciled in Louisiana; Reid is domiciled in Tennessee; NIIC is an Ohio corporation with its principal place of business in Ohio; and West is a Tennessee corporation with its principal place of business in Tennessee;[6] therefore, complete diversity of citizenship appears to exist.

It is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition only generally alleges that Plaintiff suffered "personal injuries and property damage," and seeks past, present, and future: physical and mental pain, suffering, and anguish; physical disability and/or impairment of functions and activities; loss of income and/or loss of earning capacity; loss of enjoyment of life; and property damage.[8] Furthermore, Plaintiff alleges she will incur future expenses for: medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel, "and other related and necessary expenses."[9]

In the Notice of Removal, NIIC relies on the above-referenced allegations of damages in the Petition,[10] and also asserts the following:

9.

> Further, based on "other papers," namely Plaintiff's medical records and medical billing provided informally by Plaintiff counsel via e-mail correspondence on May 3, 2021 to undersigned counsel (*see* Exhibit "2" attached hereto), the amount in controversy appears to exceed $75,000.00, exclusive of interest and costs. Notably, there are additional medical records and medical billing that is referenced in the medical records received to date, but Plaintiff counsel does not yet have copies to provide to undersigned counsel. *See* medical records and billing provided by Plaintiff counsel, collectively

---

[6] R. Doc. 1, ¶ 4 (a) – (d).
[7] *See* 28 U.S.C. §1332(a).
[8] R. Doc. 1, ¶¶ 5-6.
[9] R. Doc. 1, ¶ 7.
[10] R. Doc. 1, ¶ 8.

>  attached hereto as Exhibit "3." Plaintiff's treatment records provided to Petitioner to date indicate continued treatment starting a few days after the accident at issue on June 19, 2020 through at least April 2021, and are ongoing. *See* Exhibit 3. Based on positive cervical MRI findings, Plaintiff's treating physicians recommended cervical epidural steroid injections along with other treatment. *See id.* The medical billing based solely on the records received to date from Plaintiff counsel informally is $4,501.00 and the estimated cost for one epidural steroid injection is $6,230.00. *See id.*[11]

NIIC also relies upon Plaintiff's failure to include an La. C.C.P. art. 893 statement in her Petition affirmatively renouncing the right to accept a judgment in excess of $75,000, exclusive of interest and costs, which NIIC presumably asserts in response to the Petition's allegation that "Plaintiff's damages do not currently exceed $75,000, exclusive of interest and costs."[12]

The foregoing is not sufficient to establish NIIC's burden of establishing by a preponderance of the evidence that Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's demands for general categories of damages in the Petition (and echoed in the Notice of Removal) (*e.g.*, past and future pain and suffering, mental anguish, lost wages and medical expenses),[13] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[14] NIIC acknowledges that is it not facially apparent from the Petition that the amount in controversy is met.[15]

---

[11] R. Doc. 1, ¶ 9.
[12] R. Doc. 1, ¶ 10 *and see* R Doc. 1-4, ¶ 10.
[13] R. Doc. 1-4, ¶¶ 6-7.
[14] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[15] R. Doc. 1-6, p. 8.

3

While the Notice of Removal and attached medical records present additional facts with respect to Plaintiff's injuries and damages, they are insufficient to establish that the amount in controversy is met. Specifically, the Notice of Removal and/or medical records reflect that Plaintiff has been diagnosed with two bulging and two herniated discs.[16] Bulging discs, even treated with steroid injections, have been held insufficient to establish the amount in controversy;[17] and "[t]his court recognizes that '[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended.'"[18] There is no surgery recommendation in the record.

Furthermore, despite NIIC's contentions, the medical records submitted actually contradict the position that her damages are likely to reach the jurisdictional minimum. Plaintiff reported minimal pain of "1" and "3" on a scale of "10;"[19] has received only conservative treatment for almost a year following the accident for which she "has had some improvement;"[20] has experienced "significant relief" from prescribed mediation;[21] and while she is a candidate for an

---

[16] R. Doc. 1-6, pp. 1-2.
[17] *See Shelton v. Hallmark Trucking Ins. Co.,* No. 17-1683, 2018 WL 1998341, at *4 (M.D. La. Mar. 27, 2018), *report and recommendation adopted sub nom., Shelton v. Hallmark Specialty Ins. Co.,* No. 17-01683, 2018 WL 1997543 (M.D. La. Apr. 27, 2018), *citing Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1682561 (M.D. La. March 14, 2017), holding: "a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections." 2017 WL 1682561, at *5 (citations omitted).
[18] *Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016) (*citing Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011)). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co.*, No. 07–362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).
[19] R. Doc. 1-6, p. 5.
[20] R. Doc. 1-6, pp. 7-9.
[21] R. Doc. 1-6, p. 5.

epidural steroid injection, she does not appear inclined to undergo the procedure, as the records note: "she has again expressed apprehension about having an injection in her spine."[22] Additionally, Plaintiff has only $4,501 in medical expenses for treatment over ten months (although treatment is allegedly ongoing),[23] and at this point the only documented future medical treatment cost is $6,230 for the ESI (if she receives it). This is simply insufficient to meet the jurisdictional threshold.[24]

NIIC has also not provided any details regarding whether Plaintiff's injuries are permanent or Plaintiff's prognosis[25] and recommended future treatment, including whether Plaintiff has been recommended for surgery. There is also no evidence of any settlement demands or discovery responses that would have bearing on the amount in controversy, nor does the Petition demand a

---

[22] R. Doc. 1-6, p. 7.

[23] As reflected in the quoted allegation from R. Doc. 1, ¶ 9 above, NIIC references additional medical records and billing that NIIC has not yet obtained because Plaintiff does not yet have them. As one court recently noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discovery those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017) (quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211. NIIC is advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), *report and recommendation adopted sub nom., Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019)(denying request for jurisdictional discovery on the amount in controversy during the pendency of a motion to remand).

[24] R. Doc. 1, ¶ 9 *and see* R. Doc. 1-6, pp. 3, 8-17.

[25] The Petition's boilerplate allegation of "physical disability" at R. Doc. 1-4, ¶ 6 is insufficient because even allegations of *permanent* disability, which are not raised here, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement. *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").

jury trial.[26] Notably, Plaintiff expressly stated in her Petition that her damages "do not currently exceed" the jurisdictional minimum.[27]

Similarly, the failure of a plaintiff to affirmatively renounce the right to accept a judgment in excess of $75,000 is insufficient to establish that the requisite amount in controversy is met.[28] NIIC has not yet met its burden of establishing that the amount in controversy is satisfied. Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[29]

Accordingly,

**IT IS ORDERED** that by no later than **June 16, 2021** Defendant National Interstate Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.[30]

---

[26] While a jury trial demand by Plaintiff would not be dispositive of the amount in controversy, it would be another piece of information to consider. *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), *report and recommendation adopted*, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).
[27] R. Doc. 1-4, ¶ 10.
[28] *See Rodney v. Waffle House, Inc.*, No. 18-481, 2018 WL 6829041, at *8 (M.D. La. Oct. 22, 2018), *report and recommendation adopted*, No. 18-481, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) ("As an initial matter, there is no indication that Defendant ever requested that Plaintiff execute a stipulation regarding the amount in controversy prior to removal. Even assuming, *arguendo*, that Plaintiff actually refused to stipulate that the amount in controversy was less than $75,000 prior to removal, this Court has explained that a plaintiff is under no legal obligation to sign such a stipulation, and that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.") (citations omitted). *See also, Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at * 2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").
[29] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[30] 28 U.S.C. § 1447(c) provides, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

**IT IS FURTHER ORDERED** that by no later than **June 30, 2021** Plaintiff Heidi McFarland shall file either: (1) a Notice stating that Plaintiff does not dispute that NIIC has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, June 2, 2021.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**